UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GREGORY SCOFIELD,

          Plaintiff,                    Case No. 1:23-cv-239

v.                                         Honorable Sally J. Berens

BOB MENDHAM et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*. (ECF No. 4). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim. Further, the Court will deny Plaintiff's request to hold this case in abeyance pending the exhaustion of his administrative remedies.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Federal Bureau of Prisons at the Marianna Federal Correctional Institution in Marianna, Florida. The events about which he complains, however, occurred at the Newaygo County Jail in White Cloud, Newaygo County, Michigan. Plaintiff sues Newaygo County Sheriff Bob Mendham and Newaygo County Jail Officers Unknown Mateo and Unknown Parker.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that, on March 4, 2021, Plaintiff rolled out of his top bunk while sleeping, landing with his head on the floor. (Compl., ECF No. 1, PageID.5.) Officers, including Defendants Mateo and Porter, came to assist, helping Plaintiff into a wheelchair, and wheeling Plaintiff to the booking area. (*Id.*) Plaintiff was then transported to the hospital via squad car. (*Id.*)

Once at the hospital, Plaintiff was diagnosed with four fractured bones in his neck and an injury to his right vertebral artery. (*Id.*, PageID.6.) Plaintiff received neck surgery and was required to wear a neck brace for three months. (*Id.*)

At Plaintiff's three-month check-up, Plaintiff's doctor (not a party) ordered that he could keep the neck brace off. (*Id.*) The doctor also tried to give Plaintiff an elastic band to use for therapy; however, the unnamed officers who took Plaintiff to his appointment told the doctor that Plaintiff could not have the elastic band, so Plaintiff was denied the opportunity to engage in physical therapy. (*Id.*, PageID.7.) On March 18, 2022, during Plaintiff's yearly check-up, it was discovered that Plaintiff had two "fractured screws" in his neck. (*Id.*)

Plaintiff claims that "Defendants Mateo and Porter were negligent and violated Plaintiff Scofield's rights by moving Plaintiff" from the floor and into a police cruiser without a neck brace following Plaintiff's fall. (*Id.*, PageID.8.) Plaintiff also claims that Defendant Mendham was negligent and violated Plaintiff's rights by not providing side railings on top bunks to prevent sleeping inmates from falling, and by "not following protocol in not properly training jail staff in the handling of inmates who have suffered a severe head and neck injury resulting from a major fall." (*Id.*, PageID.9.) He seeks compensatory and punitive damages. (*Id.*, PageID.8.)

Plaintiff includes with his complaint a "cover sheet," requesting that the Court "hold [Plaintiff's] complaint in abeyance until all of [Plaintiff's] administrative remedies have been exhausted." (ECF No. 1-1, PageID.17.)[2]

## II. Lack of Exhaustion of Available Administrative Remedies

Under the PLRA, 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). Additionally, a plaintiff must fully exhaust his administrative remedies before filing a complaint. *See Freeman*, 196 F.3d at 645. Further, "the PLRA exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). Thus, in order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007); *Woodford*, 548 U.S. at 90–91. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

Failure to exhaust under 42 U.S.C. § 1997e(a) is an affirmative defense. *Jones*, 549 U.S. at 212, 216. As a general rule, plaintiffs are not required to specially plead exhaustion, and defendants may, by their action or inaction waive it. *Id*. at 216. However, where a plaintiff's allegations, on their face, show that relief is barred by an affirmative defense, a complaint is

---

[2] Federal Rule of Civil Procedure 10(c) provides that "an exhibit to a pleading is part of the pleading for all purposes." Accordingly, the Court deems the exhibits to Plaintiff's complaint part of Plaintiff's complaint for purposes of screening.

5

properly dismissed for failure to state a claim. *Id*. at 215; *see also Barnett v. Laurel Cnty. Ky.*, No. 16-5658, 2017 WL 3402075, at *2 (6th Cir. Jan. 30, 2017) (discussing that a court "may not waive the exhaustion requirement" and concluding that dismissal is appropriate when the "failure to exhaust, or even attempt to exhaust, . . . administrative remedies is apparent from the face of [the] complaint" (citations omitted)); *cf. Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. Jul. 17, 2017) (discussing, in a § 2241 habeas action, that "a sua sponte dismissal . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself" (citations omitted)).

Here, Plaintiff's request that the Court hold this matter in abeyance until Plaintiff can properly exhaust his administrative remedies makes clear that Plaintiff had not exhausted his administrative remedies before filing suit. (ECF No. 1-1, PageID.17.) And, because it is mandatory that a prisoner fully exhaust his administrative remedies *before* filing a complaint, the Court has no authority to provide a continuance in the absence of exhaustion. *See Freeman*, 196 F.3d at 645. Rather, dismissal without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See id*.[3]

Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and will deny Plaintiff's request (ECF No. 1, PageID.17) to hold this case in abeyance pending the exhaustion of his administrative remedies.

---

[3] Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Norful v. Minerick*, No. 2:05 CV 176, 2005 WL 2271856, at *2 (W.D. Mich. Sept. 16, 2005).

6

**Conclusion**

For the foregoing reasons, the Court will deny Plaintiff's request (ECF No. 1-1, PageID.17) to hold this case in abeyance pending the exhaustion of his administrative remedies. Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of Section 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   March 28, 2023                             /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    United States Magistrate Judge